**BRIAN G. WOLF (BAR NO. 135257)**
**HENRY L. SELF III (BAR NO. 223153)**
**DAVID B. JONELIS (BAR NO. 265235)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: bwolf@lavelysinger.com
hself@lavelysinger.com
djonelis@lavelysinger.com

Attorneys for Defendant
MIRAMAX, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LESIA ANSON,<br><br>Plaintiff,<br><br>v.<br><br>HARVEY WEINSTEIN, BOB WEINSTEIN, THE WEINSTEIN COMPANY, LLC, a limited liability company, DIMENSION FILMS, a corporation, MIRAMAX, LLC, a limited liability company, LIONSGATE ENTERTAINMENT CORPORATION, ENTERTAINMENT ONE LTD., a Canadian corporation, BLUMHOUSE PRODUCTIONS, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-08360 GW (KSx)<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT MIRAMAX, LLC TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[*Filed Concurrently with Proposed Order Thereon*]**<br><br>Date: April 9, 2018<br>Time: 8:30 a.m.<br>Ctrm: 9D<br><br>[Hon. George H. Wu, Courtroom 9D] |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on **April 9, 2018**, at 8:30 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, in Courtroom 9D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendant MIRAMAX, LLC ("Miramax") will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an order dismissing with prejudice each claim for relief alleged by Plaintiff LESIA ANSON in her First Amended Complaint (the "FAC") as to Miramax on the grounds that the FAC fails to state a claim upon which relief can be granted.

The motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 15 and 20, 2018.

The motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all records, pleadings and papers on file herein, and upon such further oral argument and/or documentary evidence as may be presented prior to or at the hearing on this motion.

Dated: March 8, 2018

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
DAVID B. JONELIS

By: s/Brian G. Wolf
BRIAN G. WOLF
Attorneys for Defendant
MIRAMAX, LLC

# TABLE OF CONTENTS

**PAGE NO.**


I. INTRODUCTION/SUMMARY OF ARGUMENT .................................. 1

II. THE APPLICABLE LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) .................................. 4

III. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE ANY VIABLE CLAIM FOR RELIEF AGAINST MIRAMAX .................................. 5

A. Plaintiff's First Claim for Relief for Copyright Infringement Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 5

B. Plaintiff's Second Claim for Relief for Contributory Copyright Infringement Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 6

C. Plaintiff's Third Claim for Vicarious Liability Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 8

D. Plaintiff's Fourth and Fifth Claims for Copyright Infringement Under Canadian and Spanish Law Fail to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 10

E. Plaintiff's Sixth and Seventh Claims for False Advertising Fail to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 11

1. Miramax Is Not Alleged to Have Engaged In Any Advertising or Promotion of the Picture .................................. 11

2. Plaintiff Fails to Allege the Sixth and Seventh Claims with Requisite Specificity .................................. 12

3. Lanham Act Section 43(a)(1)(B) Does Not Apply .................................. 12

4. Plaintiff Does Not Adequately Allege Standing to State a Claim Under the Lanham Act .................................. 15

F. Plaintiff's Eight Claim for Declaratory Relief Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted .................................. 16

# TABLE OF CONTENTS

**PAGE NO.**

IV. SEPARATELY, THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S FOREIGN INFRINGEMENT CLAIMS .......... 17

A. Plaintiff Cites No Basis for Subject Matter Jurisdiction Regarding Application of Foreign Copyright Laws .......... 17

B. The Court Possesses Discretion to Exercise or Deny Jurisdiction Over Application of Foreign Law .......... 18

C. The Court Should Not Exercise Supplemental Jurisdiction Over the Claims of Copyright Infringement in the Territories of Canada and Spain .......... 19

V. CONCLUSION .......... 23

## TABLE OF AUTHORITIES

**PAGE NO.**

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) .......... 7, 9

*Agence France Presse v. Morel*,
769 F.Supp.2d 295 (S.D.N.Y. 2011) .......... 14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4, 5

*Cleary v. News Corp.*,
30 F.3d 1255 (9th Cir. 1994) .......... 11

*Comedy III Prods., Inc. v. New Line Cinema*,
200 F.3d 593 (9th Cir. 2000) .......... 14

*Creative Technology Ltd. v. Aztech Sys. PTE, Ltd.*,
61 F.3d 696 (9th Cir. 2005) .......... 19, 21

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23, 123 S.Ct. 2041 (2003) .......... 13, 14

*Daum v. Planit Solutions, Inc.*,
619 F.Supp.2d 652 (D. Minn. 2009) .......... 17

*Eberhard Architects, LLC v. Bogart Architecture, Inc.*,
2014 WL 4354561 (N.D. Ohio Aug. 29, 2014) .......... 5

*Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
711 F.Supp.2d 1074 (C.D. Cal. 2010) .......... 12

*Elan Microelectrics Corp. v. Apple, Inc.*,
2009 WL 2972374 (N.D. Cal. Sep. 14, 2009) .......... 7

*Epstein v. Wash. Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) .......... 4

*Executive Software v. U.S. Dist. Court (Page)*,
24 F.3d 1545 1552–55 (9th Cir. 1994) .......... 20

*Feist Publications v. Rural Telephone Service Co.*,
499 U.S. 340 (1991) .......... 5

# TABLE OF AUTHORITIES

**PAGE NO.**

*Flores v. EMC Mortg. Co.*,
997 F.Supp.2d 1088 (E.D. Cal. 2014) .......... 5, 6

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
76 F.3d 259 (9th Cir. 1996) .......... 6

*Fractional Villas, Inc. v. Tahoe Clubhouse*,
2009 WL 160932 (S.D. Cal. Jan. 22, 2009) .......... 14

*Friedman v. Zimmer*,
No. 2:15-cv-00502-GHK-E, 2015 WL 6164787
(C.D. Cal. July 10, 2015) .......... 18, 19, 21, 22

*Gauvin v. Trombatore*,
682 F.Supp. 1067 (N.D. Cal. 1988) .......... 5

*Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*,
2016 WL 9045621 (C.D. Cal. Jan. 28, 2016) .......... 16

*ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*,
785 F.Supp. 854 (E.D. Cal. 1992) .......... 18

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 12

*Kirkpatrick v. County of Washoe*,
792 F3d 1184 (9th Cir. 2015) .......... 4, 8

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) .......... 18, 23

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S.Ct. 1377 (2014) .......... 15, 16

*Lickerish, Inc. v. Alpha Media Grp.*,
No. 2:13-cv-00377-DMG-SS, 2014 WL 12589641
(C.D. Cal. Jan. 2, 2014) .......... 20, 22

*London Film Prods. v. Intercontinental Commc'ns, Inc.*,
580 F.Supp. 47 (S.D.N.Y. 1984) .......... 19

## TABLE OF AUTHORITIES

**PAGE NO.**

*Maniscalco v. Brother Int'l Corp.*,
627 F.Supp.2d 494 (D. N.J. 2009)........ 16

*Marvullo v. Gruner & Jahr*,
105 F.Supp.2d 225 (S.D.N.Y. 2000)........ 7

*McCartney v. Time, Inc.*,
No. 2:14-cv-03953-FMO-MRW (C.D. Cal. June 10, 2014)........ 21

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*,
380 F.3d 1154 (9th Cir. 2004)........ 8

*Mine Workers v. Gibbs*,
383 U.S. 715, 86 S.Ct. 1130 (1966)........ 20

*In re Napster, Inc. Copyright Litig.*,
377 F. Supp. 2d 796 (N.D. Cal. 2005)........ 6

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001)........ 4

*Niven v. Brewster*,
No. 2:10-cv-04376-GAF-PJW, 2012 WL 13005443
(C.D. Cal. Mar. 2, 2012)........ 19, 21, 22

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
2016 WL 3951653 (N.D. Cal. July 22, 2016)........ 9

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
642 F.Supp.2d 1112 (C.D. Cal. 2009)........ 12

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
668 F.3d 1148 (9th Cir. 2012)........ 5

*Roark v. South Iron R-1 School Dist.*,
573 F.3d 556 (8th Cir. 2009)........ 16

*Saul v. United States*,
928 F.2d 829 (9th Cir. 1991)........ 4

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir.1986)........ 12

## TABLE OF AUTHORITIES

**PAGE NO.**

*Smith v. Metropolitan Property & Liability Ins.*, 629 F.2d 757 (2d Cir. 1980) ... 16

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ... 4

*Sybersound Records, Inc. v. UAV Corp.*, 517 F. 3d 1137 (9th Cir. 2008) ... 14

*Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, 2011 WL 281020 (C.D. Cal. Jan. 26, 2011) ... 7

*Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277 (D. Wis. 1975) ... 6

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ... 12

*Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007) ... 21, 22

*Williams v. UMG Recordings, Inc.*, 281 F.Supp.2d 1177 (C.D. Cal. 2003) ... 14

*X17, Inc. v. Hollywood.TV, Inc.*, No. 2:08-cv-02592-VBF-AGR, 2008 WL 4527865 (C.D. Cal. June 24, 2008) ... 19

**STATUTES**

15 U.S.C. § 1125(a)(1) ... 13

15 U.S.C. § 1125(a)(1)(b) ... 15

17 U.S.C. § 101 ... 14

17 U.S.C. § 106 ... 5, 9

17 U.S.C. § 501(a) ... 9

28 U.S.C. § 1367(a) ... 18, 20

## TABLE OF AUTHORITIES

**PAGE NO.**

28 U.S.C. § 1367(c) .................................................................................. 21

28 U.S.C. § 1367(c)(1).............................................................................20, 22

28 U.S.C. § 1367(c)(2)................................................................................. 22

California Business and Professions Code § 17200......................................11, 12

California Business and Professions Code § 17500.......................................... 12

Fed. R. Civ. P. 57 .......................................................................................... 16

Fed. R. Civ. P. 8(a)(2).................................................................................. 5, 6

Fed. R. Civ. P. 9(b) ....................................................................................... 12

U.S. Const. art. III.....................................................................................15, 20

U.S. Const. art. III, § 2, cl. 1 ........................................................................ 17

**OTHER AUTHORITIES**

David R. Toraya, Note, *Federal Jurisdiction Over Foreign Copyright Actions – An Unsolicited Reply to Professor Nimmer*, 70 Cornell L. Rev. 1165 (1985) ......................................................... 18

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 17.03[A] ............................................................................... 19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION/SUMMARY OF ARGUMENT

By this Motion, Defendant MIRAMAX, LLC ("Miramax") seeks dismissal (with prejudice) of each claim for relief alleged against Miramax in the First Amended Complaint (the "FAC") filed by Plaintiff LESIA ANSON ("Plaintiff"). Although couched as eight separate claims for relief, the allegations in the FAC effectively boil down to just two primary theories of legal liability: (1) copyright infringement (direct and indirect, domestic and foreign) and (2) false advertising.

Plaintiff's FAC falls short of alleging facts sufficient to state any claim for relief against Miramax. Indeed, the only factual allegations pertaining to Miramax found in the entirety of the 49-page FAC are at paragraph 13 (identifying Miramax as a party to the action), and paragraphs 35 and 36 alleging (on "information and belief") that "in or about 2011, DIMENSION and MIRAMAX had entered into a pact to produce and distribute sequel motion pictures" and that the "credited production companies of the 2017 Amityville Horror Sequel Film include Defendants DIMENSION and MIRAMAX". For the reasons discussed in detail below, the two factual allegations on "information and belief" found at paragraphs 35 and 36 of the FAC do not remotely support any one of the eight claims alleged against Miramax.

With respect to FAC's copyright infringement claims (the First, Second and Third Claims for Relief), Plaintiff contends that eight separate defendants (including Miramax) violated her alleged exclusive rights in the novel *The Amityville Horror* (the "Novel") by their exploitation and distribution in 2017 of the motion picture entitled *Amityville: The Awakening* (the "Picture"). With respect to the false advertising claims (the Sixth and Seventh Claims for Relief), Plaintiff alleges that the same eight defendants all falsely advertised the Picture through their marketing, promotional and advertising efforts.

Critically however, while there are at least some specific factual allegations of purported exploitation, marketing, promotion, and distribution efforts pertaining to the Picture by defendants other than Miramax, at no place in the FAC is Miramax alleged to have engaged in any conduct supporting Plaintiff's claims of copyright infringement or false advertising. For instance:

- Only defendants The Weinstein Company ("TWC") and Dimension Films ("Dimension") are alleged to have "announced" and theatrically "released" the Picture in 2017. FAC, ¶30.
- Only defendant Lionsgate Entertainment Corporation ("Lionsgate") is alleged to have "released" the Picture on home video formats. *Id.* ¶31.
- Only defendants Harvey and Bob Weinstein (collectively, the "Weinsteins") along with TWC and Dimension are alleged to have promoted, marketed, and/or advertised the Picture. *Id.* ¶¶32, 39, 44.
- Only defendant Entertainment One Ltd. ("Entertainment One") is alleged to have "distributed" of the Picture in Canada. *Id.* ¶88.
- Only TWC, Dimension, and defendant Blumhouse Productions, LLC ("Blumhouse") are alleged to have granted licenses to distribute the Picture in foreign territories (presumably including Spain). *Id.* ¶¶40, 88.

In stark contrast, Plaintiff's entire 49-page FAC contains ***only*** ***two*** ***allegations*** of any ***specific affirmative conduct*** by Miramax — neither of which, even if true, would give rise to liability under any alleged claim for relief:

- First, Plaintiff is "informed and believes" that, in 2011 (*i.e.*, 6 years before the Picture was ever distributed or exploited), Dimension and Miramax "entered into a pact" to "produce and distribute" some unspecified motion pictures. Plaintiff further alleges that, at some

unspecified time, the Picture was merely "developed" (not produced or distributed) pursuant to this pact. *Id.* ¶35.

- Second, Plaintiff is "informed and believes" that Miramax is one of Picture's "credited production companies." *Id.* ¶36.[1]

Even assuming for the purpose of this motion that there was a "pact" between Miramax and Dimension to develop the Picture in 2011, and even assuming that Miramax was "credited" as a producer on the Picture (which it was not), these facts would not support any claim that Miramax distributed, exploited, advertised, marketed, or promoted the Picture — ***the only actions relevant to any of Plaintiff's claims.***

Moreover, Plaintiff's Fourth and Fifth Claims for Relief alleging foreign copyright infringement (in Canada and Spain) fall outside the jurisdiction of this Court. As the Court is well aware, federal courts have only limited jurisdiction and, as such, can entertain only those types of cases that the Constitution and Congress authorize them to adjudicate — typically involving diversity of citizenship and/or a federal question. There exists no compelling basis for the Court to exercise supplemental subject matter jurisdiction over Plaintiff's foreign infringement claims, and, for the reasons discussed below, several very good reasons to refrain from doing so.

Based on the foregoing, and as discussed in detail below, Miramax respectfully requests that this motion be granted in its entirety, and each claim for relief in the FAC as to Miramax be dismissed with prejudice.

---

[1] Notably, in contrast to the only two allegations made as to Miramax on "information and belief," Plaintiff claims to have ***actual knowledge*** (*i.e.*, not on information and belief), that defendant Blumhouse is a credited production company on the Picture. FAC ¶37. If Plaintiff has knowledge that Blumhouse is credited as a production company, then she must necessarily be aware of the actual credits of the Picture, and could have readily determined that Miramax is ***not*** a credited production company on the Picture.

## II. <u>THE APPLICABLE LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)</u>

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in a pleading, and dismissal is proper where the pleading fails to state a claim upon which relief can be granted. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In particular, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The relevant inquiry is "whether the pleading gives the defendant fair notice of the claim and includes sufficient 'factual matter' to state a plausible ground for relief." *Kirkpatrick v. County of Washoe*, 792 F3d 1184, 1191 (9th Cir. 2015) (emphasis added); *see also Bell Atlantic, supra*, 550 U.S. at 570 (pleading must allege "enough facts to state a claim to relief that is plausible on its face").

While all allegations of material fact are taken as true, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Moreover, dismissal with prejudice is appropriate where "amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted).

## III. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE ANY VIABLE CLAIM FOR RELIEF AGAINST MIRAMAX

### A. Plaintiff's First Claim for Relief for Copyright Infringement Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted

To establish direct (as opposed to contributory or vicarious) copyright infringement liability, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). The word "copying" (as used in element two) is shorthand for the various activities that may infringe one of the copyright owner's six exclusive rights described at 17 U.S.C. § 106 (*e.g.*, unauthorized distribution or reproduction of a copyrighted work). *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012).

Plaintiff's claim for direct copyright infringement is premised solely on the allegedly unauthorized "exploitation and release" of the Picture — purportedly by all eight Defendants, including Miramax. FAC, ¶58 ("By their exploitation and release of the 2017 Amityville Horror Sequel Film…Defendants knowingly and willfully infringed…Plaintiff's copyright"); *but see Eberhard Architects, LLC v. Bogart Architecture, Inc.*, 2014 WL 4354561, at *3 (N.D. Ohio Aug. 29, 2014) (plaintiff failed to satisfy *Iqbal* and *Twombly* where "allegations lump all defendants together and generically claim that 'each and every one of the named defendants in this case have continued to use/infringe upon the Copyright").

It is generally recognized that "[a] plaintiff suing multiple defendants must allege the basis of his claim against ***each*** defendant to satisfy Federal Rule of Civil Procedure 8(a)(2) . . . ." *Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1103 (E.D. Cal. 2014) (emphasis added) (quoting *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)). "Specific identification of the parties to the

activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." *Id.* (quoting *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (D. Wis. 1975)).

Here, the only ***facts*** alleged in the FAC concerning any exploitation or release of the Picture pertain to conduct by defendants other than Miramax; namely, TWC, Dimension, and Lionsgate: TWC and Dimension are alleged to have actually "released" the Picture theatrically (FAC, ¶¶30) and Lionsgate is alleged to have "released" the Picture in home video formats (FAC, ¶31). There are no facts alleged pertaining to any exploitation or release of the Picture by Miramax.

Accordingly, the FAC fails to state any facts that would give rise to a viable claim against Miramax for direct copyright infringement.

### B. Plaintiff's Second Claim for Relief for Contributory Copyright Infringement Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted

The requisite elements of a contributory copyright infringement claim are: "(1) direct infringement by a third party; (2) actual or constructive knowledge by the defendant that third parties were directly infringing; and (3) a material contribution by the defendant to the infringing activities." *In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 801 (N.D. Cal. 2005); *see Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer") (citation and quotations omitted).

Moreover, to adequately allege a claim of copyright infringement, "Rule 8(a)(2) has been construed to require a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement. A properly plead [*sic*] copyright infringement claim must allege . . . by what acts during what time

the defendant infringed the copyright. It must set out the particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." *Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000) (citation and quotations omitted) (dismissing "allegations of direct and contributory copyright infringement . . . for failure to satisfy the minimal pleading standards of Rule 8, F.R. Civ. P."); *see Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, 2011 WL 281020, at *6 (C.D. Cal. Jan. 26, 2011) (copyright infringement claim dismissed because "the complaint allege[d] no facts indicating what acts constitute the alleged infringement"); *Elan Microelectrics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009) (court dismissed counterclaim that consisted "of nothing more than a bare assertion, made 'on information and belief'" that the counter-defendant "has been and is currently, directly and/or indirectly infringing...the specified patents").

Plaintiff's FAC woefully fails to satisfy these standards. To the contrary, the Second Claim for Relief is premised entirely on the conclusory and completely vague and ambiguous allegation that <u>all eight defendants</u> somehow (1) "induced, caused, or materially contributed to the copyright infringement of others," and (2) "knew or had reason to know that the conduct of such other parties infringed Plaintiff's copyrights." FAC, ¶67.

Such general vague allegations do not remotely satisfy the pleading requirements to state a claim for contributory copyright infringement. Plaintiff fails to describe (or provide any notice whatsoever) the subject of the direct infringement allegedly giving rise to Miramax's liability for purported contributory infringement. *See Perfect 10, Inc. v. Amazon. com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement") (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Instead, Plaintiff merely refers generally to the alleged "copyright infringement by others of the Novel as

alleged herein," without further explaining who those "others" are. FAC, ¶67. Construing the allegations of the FAC in a manner most favorable to Plaintiff, it appears that Plaintiff's contributory copyright infringement claim is based on the same purported direct infringement that Miramax is alleged to have committed in Plaintiff's first claim for direct infringement set forth in Section III(A) hereof. Assuming that to be what Plaintiff intends to plead, it is unclear how Miramax could have contributed to its own alleged direct infringement.

By the same token, there are no facts alleged in the entire FAC that would demonstrate how Miramax purportedly contributed to the unspecified direct infringement. Nor is there any allegation of how Miramax would have had knowledge of the unspecified infringement.

Simply put, Miramax cannot be expected to respond to Plaintiff's Second Claim for Relief when there are no facts alleged concerning Miramax's purported contributory infringement. Because the FAC does not include "sufficient factual matter to state a plausible ground" for contributory infringement against Miramax, the Second Claim for Relief should be dismissed. *Kirkpatrick, supra*, 792 F.3d at 1191 (relevant inquiry on 12(b)(6) motion is "whether the pleading gives the defendant fair notice of the claim and includes sufficient 'factual matter' to state a plausible ground for relief").

**C. Plaintiff's Third Claim for Vicarious Liability Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted**

As with Plaintiff's claims of direct copyright infringement and contributory copyright infringement, the FAC fails to allege facts establishing the requisite elements to state a claim of vicarious copyright infringement. "Vicarious copyright liability is an outgrowth of respondeat superior, imposing liability on those with a ***sufficiently supervisory relationship*** to the direct infringer." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1164 (9th Cir. 2004), *vacated and remanded on other grounds*, 545 U.S. 913 (2005) (emphasis

added and internal quotations omitted). As such, three elements are required to hold a defendant vicariously liable for copyright infringement: (1) direct infringement by a third party, (2) the defendant's right and ability to supervise the infringer's conduct, and (3) a direct financial benefit to the defendant. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001).

Here, the FAC is devoid of any facts pertaining to Miramax that remotely support a claim for vicarious copyright infringement. Plaintiff merely makes the vague and conclusory allegation that all eight defendants somehow "had the right and ability to supervise the infringing conduct of others." FAC, ¶75. However, it is completely unclear as to (1) <u>who</u> exactly these "other" infringers are, (2) <u>how</u> Miramax allegedly had the ability to supervise the conduct of these "others," and (3) <u>what</u> type of direct financial benefit Miramax gained from the conduct of such "others." *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2016 WL 3951653, at *6 (N.D. Cal. July 22, 2016) (granting 12(b)(6) motion where the complaint failed to describe the supervisory relationship giving rise to vicarious copyright infringement claim).

First and foremost, to the extent that Plaintiff claims these "others" include unidentified "internet users who have viewed the [Picture]" (FAC, ¶75), the mere act of viewing copyrighted content does not constitute infringement under the Copyright Act. Thus, any alleged viewing of the Picture by "internet users" would not give rise to any liability (direct, contributory, or vicarious). *See* 17 U.S.C. §§ 106, 501(a). Also, there are no facts alleged in the FAC demonstrating that Miramax had any right or ability to supervise these "internet users," or that it received any direct financial benefit from their alleged conduct.

Moreover, to the extent the "other" infringers include Miramax's "co-Defendants" (FAC, ¶75), there is a complete absence of any facts establishing that Miramax had any right or ability to control and supervise those co-defendants. To the contrary, with respect to defendant Dimension, Plaintiff recognizes that

Miramax had no control over Dimension at the time of the alleged infringement, as Dimension left Miramax and became a "wholly-owned division" of defendant of TWC in 2005. FAC, ¶28. The FAC also provides no facts alleging that Miramax would have received a direct financial benefit from the alleged infringement of its co-defendants.

Accordingly, Plaintiff has failed to plead a cognizable claim for vicarious copyright infringement against Miramax, and her Third Claim for Relief must be dismissed.

### D. Plaintiff's Fourth and Fifth Claims for Copyright Infringement Under Canadian and Spanish Law Fail to State a Claim Against Miramax Upon Which Relief Can Be Granted

Plaintiff's Fourth and Fifth Claims for Relief for copyright infringement under the "Canadian Copyright Act" and "Copyright Act of Spain," respectively, are premised entirely on the alleged "exploitation and distribution" of the Picture in Canada and in Spain. *Id.* ¶¶89, 99. Accordingly, these claims must be dismissed as to Miramax for the simple reason that Plaintiff acknowledges Miramax had nothing to do with the distribution of the Picture in the territories of Canada or Spain.

With respect to the distribution of the Picture in Canada, Plaintiff alleges that defendant Entertainment One is the "distributor" of the Picture in Canada, and that its distribution is allegedly based on a "license from" defendants TWC, Dimension, and Blumhouse (who are also alleged to "own the foreign distribution rights"). *Id.* ¶¶40, 88. Plaintiff does not allege, nor are there any facts demonstrating (or even creating an inference) that Miramax had any involvement in or rights to distribute the Picture in Canada.

Similarly, while Plaintiff notably fails to name the party or parties who actually distributed the Picture in Spain, TWC, Dimension, and Blumhouse are the ***only*** defendants who are alleged to "own the foreign distribution rights" to the

Picture. *Id.* ¶40. In sum, there are no alleged facts tying Miramax to the Spanish release of the Picture.

Accordingly, Plaintiff has failed to state a claim for copyright infringement against Miramax under the laws of Canada or Spain.

**E. Plaintiff's Sixth and Seventh Claims for False Advertising Fail to State a Claim Against Miramax Upon Which Relief Can Be Granted**

**1. Miramax Is Not Alleged to Have Engaged In Any Advertising or Promotion of the Picture**

By Plaintiff's own admission, her Sixth and Seventh Claims for Relief pertain **only** to alleged false advertising, marketing and promotion of the Picture (again, purportedly by all eight defendants collectively) under Section 43(a)(1)(B) of the Lanham Act[2] and California statutory and common law unfair competition.[3] *Id.* ¶¶106, 116.

However, there are no factual allegations whatsoever in the FAC of any advertising, marketing or promotional efforts by Miramax pertaining to the Picture. To the contrary, ***only*** defendants TWC and Dimension are alleged to have "announced" the Picture. *Id.* ¶¶30, 38. And defendants TWC, Dimension, and the Weinsteins are the ***only*** parties alleged to have promoted and/or advertised the Picture. *See id.* ¶¶32, 39, 44. In sum, there are no allegations in the FAC that Miramax was directly involved in the advertising, marketing or promotion of the Picture.

[2] Plaintiff makes clear that she is not seeking relief for false designation of origin under Section 43(a)(1)(A). FAC ¶106.

[3] "This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (citations and quotations omitted).

### 2. Plaintiff Fails to Allege the Sixth and Seventh Claims with Requisite Specificity

Because both the Sixth and Seventh Claims for Relief fundamentally concern alleged factual misrepresentations, *i.e.*, fraud, the heightened pleading standard of particularity mandated by Federal Rule of Civil Procedure 9(b) applies to Plaintiff's sixth and seventh claims. *Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F.Supp.2d 1074, 1085 (C.D. Cal. 2010) (applying Rule 9(b) to claim for false advertising under Lanham Act § 43(a)(1)(B)); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F.Supp.2d 1112, 1124 (C.D. Cal. 2009) (same); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009) (Business and Professions Code § 17200); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–04 (9th Cir. 2003) (Business and Professions Code § 17500).

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), Plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Further, Plaintiff must set forth what is false or misleading about a statement, and why it is false. *Vess*, 317 F.3d at 1106. Here, Plaintiff does not satisfy the pleading requirements of Rule 9(b) to state a claim against Miramax for violation of the Lanham Act.

### 3. Lanham Act Section 43(a)(1)(B) Does Not Apply

In relevant part, Section 43 of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false

> designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

The Supreme Court ruled in a widely followed 2003 decision that this statute cannot be used to prevent the unaccredited copying of a work. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct. 2041 (2003).

> [R]eading the phrase 'origin of goods' in the Lanham Act in accordance with the Act's common-law foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.

*Id.* at 37 (emphasis in original). "To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Id.*

In an effort to cleverly plead around the fatal hurdle that *Dastar* poses in this case, Plaintiff attempts to disguise her Lanham Act claim as pertaining "to Defendants' false advertising and false promotion of its [*sic*] 2017 Amityville

Horror Sequel Film (i) as *a sequel* to their 2005 Amityville Horror Film and to the 1979 Amityville Horror Film and (ii) as a part of this film franchise" (FAC ¶ 106) — in other words, an unauthorized derivative work based upon her late husband's Novel. *See* 17 U.S.C. §§ 101 ("A 'derivative work' is a work based upon one or more preexisting works"), 106(2).

However, courts have uniformly rejected such creative attempts to circumvent the clear "import of *Dastar* that an author's recourse for unauthorized use is in copyright," which "cannot be avoided by shoe-horning a claim into section 43(a)(1)(B) rather than 43(a)(1)(A)." *Agence France Presse v. Morel*, 769 F.Supp.2d 295, 308 (S.D.N.Y. 2011) (granting 12(b)(6) motion to dismiss Lanham Act claims because the subject photographs giving rise to claims were "protected by copyright" and therefore invocation of the Lanham Act would run afoul of *Dastar); see Williams v. UMG Recordings, Inc.*, 281 F.Supp.2d 1177, 1183–85 (C.D. Cal. 2003) (holding that *Dastar* bars Lanham Act claims based on "failing to identify someone who contributed not goods, but ideas or communications"); *Sybersound Records, Inc. v. UAV Corp.*, 517 F. 3d 1137, 1144 (9th Cir. 2008) (affirming dismissal of Lanham Act claims under section 12(b)(6) because the alleged harm pertained to copyrighted materials and thus fell within the purview of copyright law under *Dastar*); *Fractional Villas, Inc. v. Tahoe Clubhouse*, 2009 WL 160932, at *4 (S.D. Cal. Jan. 22, 2009) (in granting 12(b)(6) motion to dismiss Lanham Act claim, court explained: "Plaintiff has not accused defendants of taking tangible objects or services, repackaging them, and selling them under defendants' name. Rather, plaintiff has accused defendants of incorporating copyrighted materials into defendants' website."); *see also Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 595 (9th Cir. 2000) (disagreeing with "fanciful argument" that footage from Three Stooges film was a cognizable trademark "rather than the subject of copyright").

### 4. Plaintiff Does Not Adequately Allege Standing to State a Claim Under the Lanham Act

Because "it is an element of the cause of action under the statute," a plaintiff's standing to sue for a false advertising violation of Section 43(a)(1)(B), "like any other element of a cause of action, . . . must be adequately alleged at the pleading stage in order for the case to proceed. If a plaintiff's allegations, taken as true, are insufficient . . . then the complaint must be dismissed." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1391 n.6 (2014).

In addition to "Article III standing, which requires only that the plaintiff's injury be fairly traceable to the defendant's conduct," the claimant must also possess statutory standing, *i.e.*, she must both: (1) be within the "zone of interest" protected by the statute; and (2) show "proximate causation" between her injury and the alleged statutory violation. *Id.*

While the FAC includes a rote recitation of causation, it fails to elucidate how in any way Plaintiff, simply by virtue of her status as the widow and heir of the author of the Novel, somehow actually resides within the statute's zone of interest. FAC ¶¶ 23, 110. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc.*, 134 S.Ct. at 1390. Here, the FAC is devoid of any allegations of injury to a commercial interest in reputation or sales of Plaintiff.

Furthermore, Plaintiff does not offer any plausible explanation as to how any one of the defendants, let alone Miramax in particular, proximately caused harm to her personally through its alleged "commercial advertising or promotion" of the Picture. 15 U.S.C. § 1125(a)(1)(b). Due to the additional requirement of proximate causation, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers

causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc.*, 134 S.Ct. at 1390.

Here, It is difficult, if not impossible, to imagine how or why any particular consumer, who may have otherwise traded directly with Plaintiff (presumably with respect to the Novel), instead withheld some unspecified sort of business transaction(s) from her as a direct and proximate result of some unspecified act(s) of deception by Miramax in allegedly advertising or promoting the Picture.

Wherefore, there is no alleged basis to hold Miramax liable for false advertising, and Plaintiff's Sixth and Seventh Claims for Relief must be dismissed.

**F. Plaintiff's Eight Claim for Declaratory Relief Fails to State a Claim Against Miramax Upon Which Relief Can Be Granted**

Finally, Plaintiff seeks a judicial determination pursuant to the federal Declaratory Judgment Act that all eight defendants infringed her copyright under United States law. FAC ¶¶ 125–128, Prayer for Relief ¶39. However, because this claim is entirely duplicative of Plaintiff's first, second, and third copyright infringement claims, it is superfluous and as such must be dismissed. *See Roark v. South Iron R-1 School Dist.*, 573 F.3d 556, 562 (8th Cir. 2009).; *Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, 2016 WL 9045621, at *8 (C.D. Cal. Jan. 28, 2016) ("When the issues invoked in a request for declaratory relief already were fully engaged by other causes of action . . . then declaratory relief is unnecessary and superfluous and must be dismissed").

Although the existence of another adequate remedy may not necessary preclude entry of an otherwise appropriate declaratory judgment (Fed. R. Civ. P. 57), declaratory relief should nonetheless be denied where, as here, another remedy such as a substantive ruling regarding liability "is more appropriate." *Smith v. Metropolitan Property & Liability Ins.*, 629 F.2d 757, 759 (2d Cir. 1980); *see, e.g.*, *Maniscalco v. Brother Int'l Corp.*, 627 F.Supp.2d 494, 505 (D. N.J.

2009) (dismissing "duplicative" declaratory relief claim under Rule 12(b)(6); "If there is a finding in favor of Plaintiffs on their [substantive] claims, then an *actual judgment*, rather than a mere declaration, would be entered . . . the Court need not issue a separate declaratory judgment on the merits of the action") (emphasis in original); *Daum v. Planit Solutions, Inc.*, 619 F.Supp.2d 652, 657 (D. Minn. 2009) (declaratory relief claim "shall be dismissed [pursuant to Rule 12(b)(6)] because it is duplicative of the breach-of-contract claim").

Moreover, even assuming the Plaintiff's declaratory relief claim was not superfluous, it would nonetheless be subject to dismissal as to Miramax on the same grounds alleged above with respect to Plaintiff's primary claims of copyright infringement.

## IV. SEPARATELY, THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S FOREIGN INFRINGEMENT CLAIMS

### A. Plaintiff Cites No Basis for Subject Matter Jurisdiction Regarding Application of Foreign Copyright Laws

As discussed briefly above, Plaintiff alleges in the Fourth and Fifth Claims for Relief that the defendants allegedly violated the copyright laws of Canada and Spain, and contends that they should somehow be held liable in this Court for such entirely extraterritorial alleged infringements. FAC ¶¶ 83–104. Both claims should be dismissed as against Miramax on jurisdictional grounds.

Plaintiff asserts (and Miramax does not dispute) that the Court possesses subject matter jurisdiction over her First through Third Claims under the United States Copyright Act, Sixth Claim for violation of the Lanham Act and Eighth Claim for relief pursuant to the Declaratory Judgment Act, as all of those claims (assuming that the requisite elements can be alleged by Plaintiff) plainly arise under federal statutory schemes. FAC ¶¶ 1–2; *see* U.S. Const. art. III, § 2, cl. 1

("The judicial Power shall extend to all Cases, in Law and Equity, arising under . . . the Laws of the United States . . . ").

Plaintiff further alleges that "[t]his Court has supplemental jurisdiction over the related state claims herein pursuant to 28 U.S.C. § 1367 (a) in that these claims form part of the same case and controversy as the federal claims herein." FAC ¶ 3. The Seventh Claim comprises Plaintiff's only state claim under California law, *viz.*, for statutory and common law unfair competition.

However, Plaintiff conspicuously fails to allege why or how the Court could exercise subject matter jurisdiction over her Fourth or Fifth Claims for Relief (copyright infringement under the Copyright Acts of Canada and Spain, respectively).[4] *Accord, e.g.*, *Friedman v. Zimmer*, No. 2:15-cv-00502-GHK-E, 2015 WL 6164787, at *6 (C.D. Cal. July 10, 2015) ("The FAC expressly notes that there is supplemental jurisdiction for Plaintiff's 'state law unfair competition claims,' but it is silent as to our jurisdiction" for claims under German and French law).

### B. <u>The Court Possesses Discretion to Exercise or Deny Jurisdiction Over Application of Foreign Law</u>

"American courts should be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so. No such reason has been tendered in this case . . . . " *ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*, 785 F.Supp. 854, 866–67 (E.D. Cal. 1992) (finding "no clear authority for exercising such jurisdiction" over claim for violation of Mexican copyright laws) (citing David R. Toraya, Note, *Federal Jurisdiction Over Foreign*

[4] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

*Copyright Actions – An Unsolicited Reply to Professor Nimmer*, 70 Cornell L. Rev. 1165 (1985))), *rev'd in part on other grounds*, 3 F.3d 1289 (9th Cir. 1993); *see also Friedman*, 2015 WL 6164787 at *6 ("We are of the same mind").

Although a handful of United States district courts have occasionally entertained claims for infringement of foreign copyright laws, such nonbinding cases remain few and far between. *See, e.g.*, *London Film Prods. v. Intercontinental Commc'ns, Inc.*, 580 F.Supp. 47 (S.D.N.Y. 1984); *but see* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 17.03[A] ("Because other courts have typically declined to follow *London Film*, . . . it remains an anomaly in the jurisprudence").

"While these opinions indicate that the exercise of subject matter jurisdiction over foreign copyright claims is not necessarily erroneous, they do not indicate that a court is required to exercise such jurisdiction." *X17, Inc. v. Hollywood.TV, Inc.*, No. 2:08-cv-02592-VBF-AGR, 2008 WL 4527865, at *5 (C.D. Cal. June 24, 2008). Consequently, "Ninth Circuit law neither prohibits nor mandates the exercise of supplemental jurisdiction over claims arising under foreign copyright law." *Niven v. Brewster*, No. 2:10-cv-04376-GAF-PJW, 2012 WL 13005443, at *5 (C.D. Cal. Mar. 2, 2012) (declining jurisdiction over Australian copyright infringement claims) (citing *Creative Technology Ltd. v. Aztech Sys. PTE, Ltd.*, 61 F.3d 696, 702 (9th Cir. 2005)).

### C. The Court Should Not Exercise Supplemental Jurisdiction Over the Claims of Copyright Infringement in the Territories of Canada and Spain

The only ground on which the Court could potentially exercise jurisdiction over Plaintiff's Canadian and Spanish copyright infringement claims would be by opting to exercise supplemental jurisdiction. *See Friedman*, 2015 WL 6164787 at *6 ("even assuming that Plaintiff intended to assert that we have supplemental

jurisdiction over these claims, we have discretion to decline supplemental jurisdiction”).

District courts may elect to exercise supplemental jurisdiction over a claim if it is determined to be so related to one or more claims over which they have original jurisdiction that such claims form part of the “same case or controversy under Article III of the United States Constitution.” 28 U.S.C. § 1367(a). A court remains entirely free to decline to exercise supplemental jurisdiction over a claim, however, for any number of reasons, including (without limitation) considerations of judicial economy, convenience, fairness to the parties and comity. *Executive Software v. U.S. Dist. Court (Page)*, 24 F.3d 1545 1552–55 (9th Cir. 1994), *overruled on other grounds, California Dept. of Water v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008); *see also Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966) (“That power need not be exercised in every case in which it is found to exist. It . . . is a doctrine of discretion, not of plaintiff’s right”).

Additionally, courts may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,[5]

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[5] Although Section 1367(c)(1) speaks of “State law,” courts also apply it to foreign law. *Lickerish, Inc. v. Alpha Media Grp.*, No. 2:13-cv-00377-DMG-SS, 2014 WL 12589641, at n.7 (C.D. Cal. Jan. 2, 2014) (collecting cases).

28 U.S.C. § 1367(c); *see, e.g.*, *McCartney v. Time, Inc.*, No. 2:14-cv-03953-FMO-MRW (C.D. Cal. June 10, 2014), *available at* https://scholar.google.com/scholar_case?case=9515068469918468564 (citing *Voda v. Cordis Corp.*, 476 F.3d 887, 897–905 (Fed. Cir. 2007)).

Here, a number of sound reasons, including especially "considerations of judicial economy and convenience militate against the exercise of supplemental jurisdiction" over Plaintiff's Third and Fourth Claims for relief in this case. *Friedman*, 2015 WL 6164787 at *7.

- First, given that the Court and parties alike are presumably relatively unfamiliar with the intricacies and nuances of current copyright law in Spain or Canada, "we will be forced to consume far more judicial resources addressing these claims than a [Canadian] or [Spanish] court would." *Id.* (citing *Voda*, 476 F.3d at 903 ("Because of our lack of institutional competence in the foreign patent regimes at issue in this case, more judicial resources could be consumed by the district court than the courts of the foreign patent grants")); *see also, e.g.*, *Creative Technology Ltd.*, 61 F.3d at 704 (acknowledging "the problem of having to apply foreign law. The scope of [the] complaint necessarily implicates the legality of infringing acts occurring in Singapore. As such, an application of foreign law is likely inevitable, regardless of which forum adjudicates this controversy"); *Niven*, 2012 WL 13005443 at *5 (denying supplemental jurisdiction where governing Australian law was "complex and somewhat unknown in the United States").
- Second, "the significant risk of jury confusion in a trial involving both domestic and foreign law copyright claims may require us to conduct a separate trial . . . , resulting in the expenditure of even more judicial resources." *Friedman*, 2015 WL 6164787 at *7 (citing *Voda*, 476 F.3d at 903 ("the likelihood of jury confusion . . . result[ing] in separate trials" is a

factor cutting against the exercise of supplemental jurisdiction over foreign patent law claims)). "Therefore, exercising supplemental jurisdiction in this case could result in at least the same magnitude of litigation as [Plaintiff] filing [copyright] infringement claims in each respective sovereign's court." *Voda*, 476 F.3d at 903.

- Third, the "'cost of obtaining and translating evidence, especially experts in foreign copyright law, to resolve these claims may be prohibitive." *Friedman*, 2015 WL 6164787 at *7 (quoting *Voda*, 476 F.3d at 903).
- Fourth, Miramax has been unable to locate any guiding legal authority under Spanish or Canadian copyright law imposing liability upon a defendant (such as itself) where there are no facts alleged to support a finding that the party was actively involved in alleged "exploitation and distribution" of the Picture in Canada or Spain. FAC ¶¶ 89, 99. "Courts declining to exercise supplemental jurisdiction over foreign claims based on novelty [under 28 U.S.C. § 1367(c)(1)] have done so where the issue is one of first impression or the law is not fully developed." *Lickerish, Inc.*, 2014 WL 12589641 at *8 (refusing to exercise jurisdiction over Canadian copyright infringement claim).
- Finally, "because Plaintiff seeks substantial remedies for the [foreign] copyright law claims—including an injunction in [Canada and Spain] against further copyright infringement, . . . these claims 'substantially predominate' over [her] federal copyright infringement claim." *Niven*, 2012 WL 13005443 at *5 (quoting 28 U.S.C. § 1367(c)(2)); *see* FAC, Prayer for Relief ¶¶ 18–28 (seeking preliminary and permanent injunctions, compensatory and consequential damages, profits, statutory damages, accountings and imposition of constructive trusts in both Canada and Spain).

As the party seeking to bring claims in this Court that presumptively do not belong here, Plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377. Plaintiff fails to meet her burden, and her Fourth and Fifth Claims for Relief should therefore be dismissed.

## V. CONCLUSION

For the foregoing reasons, Miramax respectfully requests that the Court grant this Motion and dismiss with prejudice each claim for relief alleged in the FAC as to Miramax, and/or for such other and further relief as the Court may deem to be just and appropriate.

Dated: March 8, 2018

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
DAVID B. JONELIS

By: s/Brian G. Wolf
BRIAN G. WOLF
Attorneys for Defendant
MIRAMAX, LLC